United States District Court
District of Massachusetts

```
_____
                            )
John E. Lundgren,           )
                            )
         Plaintiff,         )
                            )
         v.                 )        Civil Action No.
                            )        17-12349-NMG
Occupational Safety and Health  )
Administration, et al.      )
                            )
         Defendants.        )
_____
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from an alleged industrial accident at Universal Wilde, Inc. ("Universal"). Plaintiff John Lundgren ("Lundgren" or "plaintiff"), who filed his complaint pro se, was diagnosed with Legionnaires' disease in December, 2014. He alleges that defendants Universal, the Massachusetts Department of Public Health, the Occupational Safety and Health Administration ("OSHA") and individual employees thereof, improperly failed to protect his co-workers by collecting required water samples from a malfunctioning compressor at his place of employment in violation of the Occupational Health and Safety Act, 29 U.S.C. § 654 and his civil rights.

I.    <u>**Background and Procedural History**</u>

**A. Background**

Lundgren alleges that he was diagnosed with work-related Legionnaires' disease in December, 2014 after an industrial accident at Universal involving an explosion of a compressor containing dust and water vapor.  He recounts that the disease was reported immediately to the Massachusetts Department of Health and Public Safety ("MDPH").  Lundgren submitted a claim to the Department of Industrial Accidents ("DIA") in January, 2015.  He contends that MDPH was required to collect water samples identifying the source of the outbreak, quarantine the area, protect workers and prevent the spread of the disease.

Lundgren complains of a deficient "phone fax" sent from OSHA to Universal which failed to warn Universal of a possible case of Legionnaires' disease.  He suggests that the fax gave Universal a deadline to respond in default of which an on-site inspection would ensue.  Lundgren claims that Universal replied (two weeks late) with a false report that no open water sources were visible and a recommendation to take water samples if an employee was diagnosed with Legionnaires'.  Thereafter, OSHA closed its investigation.  Lundgren asserts that all defendants failed to follow proper protocol, left workers in imminent danger and denied his "right [] to critical mandated water samples".  He alleges a conspiracy and claims psychological

damages stemming from "egregious, incompetent, grossly negligent, nearly criminal (IF NOT) actions" following his diagnosis.

Lundgren submits 26 exhibits to his complaint which 1) document his diagnosis and claims to the DIA, 2) attach policies of OSHA and 3) provide information about Legionnaires' disease, communications from OSHA to Universal, from plaintiff's wife, Sandra Lundgren, to OSHA and between attorneys representing Lundgren and Universal.

### B.   Pending Motions

In January, 2018, defendants Universal, Jennifer MacAskill and Shawn Gill, current and former employees of Universal ("the Universal defendants") moved to dismiss the complaint, contending that (1) Lundgren's claims are precluded by the Workers' Compensation Act, (2) any claims were released in a settlement agreement with Travelers Indemnity Co., Universal's workers' compensation insurer and (3) Lundgren has no standing to assert claims on behalf of unidentified co-workers (Docket No. 21).

In February, 2018, defendant MDPH and its employee Elise Pechter ("the Commonwealth defendants") moved to dismiss the complaint, asserting that (1) the Occupational Health and Safety Act does not provide for a private cuase of action (2) MDPH and Pechter, in her official capacity, are not persons "amenable to

suit" under 42 U.S.C. § 1983 and the Eleventh Amendment bars
such claims and (3) the complaint does not allege sufficient
facts to support a civil rights claim against Pechter in her
individual capacity (Docket No. 26).

In March, 2018, plaintiff moved to default defendant OSHA
for failure to file a responsive pleading (Docket No. 30).  This
Court entered a notice of default against OSHA but in April,
2018, OSHA sought to remove the subsequent default entered
against it because plaintiff had not effected service on OSHA
(Docket No. 38).  In July, 2018, this Court, pursuant to Fed. R.
Civ. P. 55, vacated the subject default and extended the period
for service of process on OSHA until Friday, August 17, 2018.

In April, 2018, plaintiff moved to amend his complaint to
include claims for pain and suffering, punitive damages based on
loss of companionship, emotional distress, intentional
infliction and embarrassment caused by the actions of defendant
following the diagnosis and pain and suffering and punitive
damages on behalf of plaintiff's two minor children (Docket No.
40).  That same month and again in July, 2018, plaintiff and his
wife, Sandra Lundgren, filed motions for appointment of counsel
and requested hearings (Docket Nos. 36 and 46).  Finally, within
the past week, Attorney Amy Rice filed a notice of appearance on
behalf of Lundgren and moved to extend the deadline for

-4-

responding to pending motions in the case and to effect service
on OSHA to October 7, 2018 (Docket No. 52).

## II.  Motions to Dismiss

### A.  Legal Standard

To survive a motion to dismiss, a complaint must contain
sufficient factual matter, accepted as true, to "state a claim
to relief that is plausible on its face." Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of
a motion to dismiss, the Court may look only to the facts
alleged in the pleadings, documents attached as exhibits or
incorporated by reference in the complaint and matters of which
judicial notice can be taken. Nollet v. Justices of Trial Court
of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248
F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept
all factual allegations in the complaint as true and draw all
reasonable inferences in the plaintiff's favor. Langadinos v.
Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  Although a
court must accept as true all of the factual allegations
contained in a complaint, that doctrine is not applicable to
legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B.  Application

The Universal defendants move to dismiss the action,
contending that the Workers' Compensation Act, M.G.L. c. 152 §§
23-24, provides the exclusive remedy for Lundgren's claims and

that Lundgren lacks standing to assert claims on behalf of
unidentified co-workers.  The Commonwealth defendants move to
dismiss, noting that the Occupational Health and Safety Act does
not create a private cause of action and asserting that the
civil rights claim fail because MDPH and Pechter, in her
official capacity, are not persons amenable to suit under 42
U.S.C. § 1983 and Lundgren fails to allege facts sufficient to
state a claim in her individual capacity.

Construing Lundgren's pro se complaint liberally in his
favor, it appears he claims a violation of the Occupational
Health and Safety Act for failure to collect water samples from
the malfunctioning compressor. Ayala Serrano v. Lebron Gonzalez,
909 F.2d 8, 15 (1st Cir. 1990) ("[P]ro se pleadings are to be
liberally construed, in favor of the pro se party." (citing
Estelle v. Gamble, 429 U.S. 97, 106 (1976))).  As that statute
makes clear, however, it does not create a private cause of
action:

> Nothing in this chapter shall be construed to supersede or
> in any manner affect any workmen's compensation law or to
> enlarge or diminish or affect in any other manner the
> common law or statutory rights, duties or liabilities of
> employers and employees under any law with respect to
> injuries, diseases, or death of employees arising out of,
> or in the course of, employment.

29 U.S.C. § 653(4); see also Elliott v. S.D. Warren Co., 134
F.3d 1, 4 (1st Cir. 1998) ("OSH Act does not create a private
right of action.").  Accordingly, to the extent that Lundgren's

-6-

complaint brings claims under the Occupational health and Safety
Act, 29 U.S.C. § 651 et seq, those claims will be dismissed.

The Universal defendants assert that the claims against
them are barred because the Massachusetts workers' compensation
law, Mass. Gen. Laws c. 152 §§ 23-24

> provides the exclusive remedy, in most circumstances, for
> claims by an injured employee against a covered employer.

Roberts v. Delta Air Lines, Inc., 599 F.3d 73 (1st Cir. 2010).
The exclusivity provision of the workers' compensation scheme
makes clear that the statute "was designed to replace tort
actions by providing a uniform, statutory remedy" for injured
workers rather than a piecemeal recoveries through tort. Saab v.
Mass. CVS Pharm., LLC, 452 Mass. 564, 566 (2008) (internal
citation and quotation marks omitted).  Employees waive their
right to common law remedies with respect to any injury
compensable under the workers' compensation scheme unless they
give notice to their employers, at the time of their hiring,
reserving such rights. Mass. Gen. Laws c. 152 § 24.

Two of the documents attached to Lundgren's complaint,
Exhibits G and H, document Lundgren's claim made to the DIA in
January, 2015 to receive compensation after his diagnosis of
Legionnaire's disease.  The Universal defendants contend that
Lundgren reached a settlement with Universal's workers'
compensation insurer for injuries sustained in December, 2014

while he was employed by Universal.  It appears from the face of
the complaint that Lundgren's claims are barred under the
exclusivity provisions of the Massachusetts workers'
compensation statute.  He does not plead facts to suggest that
his claims fall outside of the scope of the statutory scheme,
for example that his injury occurred outside of the course of
his employment or that he did not have an employment
relationship with Universal. See Saab, 452 Mass. at 569 ("The
key to whether the act precludes a common-law right of action
lies in the nature of the injury for which plaintiff makes the
claim.").  The Court will, however, afford Lundgren an
opportunity to amend his complaint to clarify whether his claims
somehow fall outside the scope of the workers' compensation
statute.

     Lundgren also alleges the violation of his civil right to
the collection of mandated water samples.  The Court construes
that claim to be brought under 42 U.S.C. § 1983. See Hudson v.
MacEachern, 94 F. Supp. 3d 59, 67 (1st Cir. 2015) ("Although the
exact claims advanced by [plaintiff] are not always easy to
divine, the Court construes the pro se Complaint liberally in
defining those claims raised by plaintiff." (citing Erickson v.
Pardus, 551 U.S. 89, 94 (2007) (per curiam))).  State agencies
and state officials acting in the their official capacity, such
as the MPDH and Pechter, are not amenable to suit under § 1983.

-8-

<u>Will</u> v. <u>Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989) (holding that neither a state nor its officials acting in their official capacities are "persons" within the meaning of § 1983).

To the extent that Lundgren brings a claim under § 1983 against Pechter in her individual capacity, the complaint fails to allege facts sufficient to state a claim.  Pechter is named as a defendant (listed under MPDH) but is not mentioned elsewhere in the complaint and Lundgren does not explain Pechter's role in the alleged conduct.  Accordingly, because Lundgren makes no allegation, "either direct or inferential, respecting each material element necessary to sustain recovery under some actionable" legal theory, his claim for "civil rights violations" will be dismissed. <u>Centro Medico del Turabo, Inc.</u> v. <u>Feliciano de Melecio</u>, 406 F.3d 1, 6 (1st Cir. 2005) (internal citation omitted).  The Court will again, however, afford Lundgren the opportunity to amend to cure the deficiencies in his complaint. <u>See</u> <u>Juarez</u> v. <u>U.S. Bank Nat'l Ass'n</u>, 2014 WL 815343, at *2 (D. Mass. March 1, 2014) (noting that <u>pro</u> <u>se</u> litigants are extended wide latitude to amend their complaints and such latitude extends to a <u>pro</u> <u>se</u> litigant that has since retained counsel).

Plaintiff is reminded that, to state a claim for relief, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.

8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox Cnty., 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Accion v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why". Id. (quoting Educadores, 367 F.3d at 68). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements". Id. (internal citation omitted).

## III. **Motion to Enlarge Time**

Attorney Amy Rice filed her appearance in this case on behalf of plaintiff on August 7, 2018.  Concurrently, Lundgren filed a motion to enlarge time to serve or re-serve defendants and to review and respond to the pending motions in the case (Docket No. 52).  For the reasons explained above, the complaint as styled is subject to dismissal and, accordingly, the Court will deny as moot Lundgren's motion to extend time to the extent it seeks an extension to file further responses to the motions to dismiss.  The Court will, however, permit Lundgren to file an amended complaint to cure the deficiencies identified and to effect service on defendants.  Accordingly, the motion to extend time will be allowed, in part, and denied as moot, in part.

## <u>ORDER</u>

For the foregoing reasons, the motions to dismiss of the Universal defendants (Docket No. 21) and the Commonwealth defendants (Docket No. 26) are **ALLOWED**.  Lundgren's motions to appoint counsel and for a hearing (Docket Nos. 36 and 46) and his motion to amend (Docket No. 40) are **DENIED as moot**. Lundgren's motion for an extension for time (Docket No. 52) is **ALLOWED,** to the extent he seeks an extension to effect service on defendants, and **DENIED as moot**, to the extent he seeks additional time to respond to defendants' motions to dismiss. Lundgren shall file an amended complaint, if at all, on or before October 12, 2018 to cure the deficiencies in the complaint and shall effect service on defendants on or before that date.


**So ordered.**

                                    /s/ Nathaniel M. Gorton_____
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated August 10, 2018