United States District Court
District of Massachusetts

| | |
|---|---|
| JOHN E. LUNDGREN,<br><br>  Plaintiff,<br><br>  v.<br><br>UNIVERSAL WILDE, JENNIFER McASKILL and SHAWN GILL,<br><br>  Defendants. | Civil Action No.<br>17-12349-NMG |

**ORDER**

**GORTON, J.**

In August, 2018, this Court entered an order allowing defendants' motion to dismiss plaintiff's claim for personal injury without prejudice and granting plaintiff leave to file an amended complaint (Docket No. 54). In the absence of such a filing, this Court entered an order on November 23, 2018, conditionally dismissing the case for failure to prosecute unless plaintiff showed good cause within 28 days of that order why the action should be reopened.

On December 18, 2018, rather than demonstrating why the case should be reopened, plaintiff filed an amended complaint that simply repeated most of the allegations of the original dismissed complaint. Plaintiff did, however, add a new claim against defendants Universal Wilde, Jennifer McAskill and Shawn

Gill for interference with a federal investigation but cited no federal law in support of that claim.

On January 2, 2019, this Court entered an order allowing defendants' motion to strike the amended complaint (Docket No. 75) because 1) plaintiff failed to comply with the Court Order entered November 23, 2018, and 2) the amended complaint simply repeated the substantive allegations of the original complaint. This Court did, however, permit plaintiff to file a second amended complaint with respect to his new claim of interference with a federal investigation against defendants Universal Wilde, Jennifer McAskill and Shawn Green by February 1, 2019. The Court specifically directed plaintiff to identify the federal statute under which that claim is being brought or else the case would be dismissed with prejudice.

On February 1, 2019, plaintiff filed his second amended complaint identifying the following federal statutes: 1) Section 5 of the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. § 654; 2) 18 U.S.C. § 1519; 3) 18 U.S.C. § 1001; 4) "U.S. Code S 670"; 5) 18 U.S.C. § 1512; and 6) 18 U.S.C. § 241.  He also asserts a claim for intentional or negligent infliction of emotional distress.

On February 11, 2019, plaintiff filed a motion for leave to file an addendum to the amended complaint (Docket No. 77) in order to add a count under 18 U.S.C. § 2340.  A few days later,

defendants filed a motion to dismiss plaintiff's second amended complaint (Docket No. 78) in response to which plaintiff filed a "motion to deny dismissal against defendants" (Docket No. 84). The Court will treat that pleading as plaintiff's opposition to defendants' motion to dismiss.

This Court has already held that OSHA does not provide a private cause of action and thus plaintiff has not stated a claim under 29 U.S.C. § 654. (Docket No. 54 at 6, citing Elliot v. S.D. Warren Co., 134 F.3d 1, 4 (1st Cir. 1998)). Furthermore, it is well-settled that criminal statutes do not provide a private cause of action and therefore plaintiff does not have standing to assert claims under 1) 18 U.S.C. § 1519, 2) 18 U.S.C. § 1001, 3) 18 U.S.C. § 1512, 4) 18 U.S.C. § 241 or 5) 18 U.S.C. § 2340. See, e.g., Swartz v. Bahr, Civil Action No. 16-12144-LTS, 2017 WL 2695290, at *4 (D. Mass. June 22, 2017) (as applied to various criminal statutes); Elias v. Elias, C.A. No. 13-11602-JLT, 2013 WL 5774149, at *6 (D. Mass. Oct. 22, 2013) (as applied to 18 U.S.C. § 241); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (same); Fiorino v. Turner, 476 F. Supp. 962, 963 (D. Mass. 1979) (as applied to 18 U.S.C. §§ 241 and 1001).

To the extent that plaintiff seeks to assert a claim under "U.S. Code S 670", it is deficient because he has failed to include a title number with his citation and thus he has not

complied with the Court Order entered January 2, 2019. Accordingly, that claim will also be dismissed.

Finally, to the extent that plaintiff now asserts a claim for negligent or intentional infliction of emotional distress, the Court lacks jurisdiction over that claim.  That claim, which sounds in tort, does not involve a federal question nor has plaintiff shown that there is complete diversity of citizenship among the parties. See 28 U.S.C. §§ 1331, 1332; see also Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 673 (1st Cir. 1994).  In fact, he alleges in his second amended complaint that Universal Wilde is incorporated and located in Massachusetts and presumably both Jennifer McAskill and Shawn Gill are also residents of Massachusetts.  Without a viable claim under a federal statute, the Court cannot exercise supplemental jurisdiction over the tort claim. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

For those reasons,

1) plaintiff's "motion to deny dismissal against defendants" (Docket No. 84) is not a motion and will be redesignated accordingly;

2) plaintiff's motion for leave to file an addendum to the second amended complaint (Docket No. 77) is **DENIED;**

3) defendants' motion to dismiss (Docket No. 78) is **ALLOWED;** and

4) the case is **DISMISSED with prejudice.**


**So ordered.**


                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated June 4, 2019